IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3134-D

| | |
|---|---|
| LESTER JON RUSTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

On June 26, 2012, Lester Jon Ruston ("Ruston"), Thomas Lowell Ketchum, Jr. ("Ketchum"), Marlon J. Green ("Green"), and Brian P. Horton ("Horton") (collectively "plaintiffs") filed this action. Compl. [D.E. 1].[1] On July 9, 2012, plaintiffs filed a motion for a preliminary injunction [D.E. 3]. On August 14 and November 19, 2012, Ruston filed supplements to the motion for preliminary injunction [D.E. 12, 17]. Additionally, Ruston filed several affidavits [D.E. 2, 8–9, 11, 13–14], and Horton filed two affidavits [D.E. 5, 15]. On November 19, 2012, an individual named Joshua Conlan filed a motion to join the action as a party plaintiff and to add several defendants to the action [D.E. 16]. As explained below, the court dismisses the action and denies the pending motions.

---

[1] All plaintiffs are familiar to the court. See, e.g., Ruston v. Holder, No. 5:12-HC-2090-BO, [D.E. 33] (E.D.N.C. Oct. 3, 2012) (dismissing section 2241 petition challenging petitioner's section 4243 commitment); Green v. United States, No. 5:12-HC-2082-BO, [D.E. 15] (E.D.N.C. Oct. 2, 2012) (dismissing section 2241 petition as duplicative); Ketchum v. Unnamed Respondent, No. 5:11-HC-2228-FL, [D.E. 9] (E.D.N.C. Aug. 22, 2012) (dismissing section 2241 petition challenging section 4246 evaluation); Green v. United States, No. 5:11-HC-2254-D, [D.E. 8] (E.D.N.C. June 21, 2012) (dismissing section 2241 petition challenging section 4241 commitment for treatment and evaluation).

I.

Plaintiffs "are natural persons currently detained civilly in the Federal Medical Center in Butner, North Carolina" ("FMC-Butner"). Compl. ¶ 1. Plaintiffs' complaint is not a model of clarity, but they appear to assert pre-trial defects in criminal proceedings against them, including denying their right to self-representation, violating the Speedy Trial Act, and withholding exculpatory evidence. Id. ¶¶ 14–17. Plaintiffs assert claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, various federal criminal statutes, and "medical malpractice negligence." Id. ¶¶ 17, 20, 32–64. At the time of the alleged conduct, plaintiffs were all undergoing psychiatric examinations, evaluations, or treatment at FMC-Butner pursuant to 18 U.S.C. §§ 4241–4246. See, e.g., ¶¶ 22, 38–41. Plaintiffs name as defendants the United States of America and several FMC-Butner psychologists and psychiatrists. Id. ¶¶ 2–7. Plaintiffs seek $2 million in damages, attorneys' fees, and costs. Id. 17. Plaintiffs wish to proceed as a class action. Id.

Ruston describes himself as "the author of this complaint[,]" 7/3/12 Ruston Aff. [D.E. 2] ¶ 1, and the court takes judicial notice of Ruston's "extensive and abusive filing history." Ruston v. Dallas Cnty., No. 3:07-CV-1076-D, 2008 WL 958076, at *1 (N.D. Tex. Apr. 9, 2008) (unpublished); see also Ruston v. U.S. Secret Serv., 751 F. Supp. 2d 59, 61 (D.D.C. 2010) ("According to a PACER print-out, plaintiff has filed 178 cases nationwide since 2001, some on the same day and many within days of each other."). Another district court has determined that Ruston qualifies as a "three-striker" pursuant to the PLRA, even though he is civilly committed to the custody of the Attorney General. [D.E. 2-1] 2–4 (copy of order in Ruston v. United States, No. 6:11-cv-03204-DW, [D.E. 8] (W.D. Mo. Aug. 5, 2011) (unpublished)). Ruston is now subject to prefiling injunctions in both the

2

United States Court of Appeals for the Fifth Circuit and the Northern District of Texas. See In re Ruston, No. 10-10638 (5th Cir. Oct. 6, 2010) (unpublished); Ruston, 2008 WL 958076, at *1.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous are based on "fanciful factual allegation[s]." Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 667–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

To the extent that plaintiffs seek to proceed as a class action, plaintiffs are not lawyers and may not assert any claim on behalf of another person. See Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). To the extent Ruston relies on "powers of attorney" signed by any other

3

plaintiffs in order to litigate on their behalf, he may not do so. See, e.g., Hunt v. Allison, No. 1:09CV131-HSO-JMR, 2010 WL 4340323, at *8 (S.D. Miss. Sept. 2, 2010) (unpublished) (striking affidavit which included "a 'power of attorney agreement'" between "Ruston, a prisoner incarcerated with Plaintiff in Missouri who does not purport to be an attorney," and the plaintiff), report and recommendation adopted, 2010 WL 4313333 (S.D. Miss. Oct. 25, 2010) (unpublished).

To the extent plaintiffs seek to assert a RICO claim, RICO provides civil remedies "when a plaintiff has suffered an injury to his business or property as a result of a violation of section 1962." Alley v. Angelone, 962 F. Supp. 827, 832 (E.D. Va. 1997). To properly plead a RICO claim, a RICO plaintiff must plead that the defendants engaged in or conspired to engage in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); US Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317–18 (4th Cir. 2010). A RICO plaintiff also "must adequately plead at least two predicate acts of racketeering." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004). Here, plaintiffs' wholly conclusory allegations concerning predicate acts are nothing more than mere "labels and conclusions." Twombly, 550 U.S. at 555; Giarratano, 521 F.3d at 304 n.5. Moreover, to the extent plaintiffs seek to allege a conspiracy, they must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiffs'] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Plaintiffs fail to plausibly allege a "meeting of the minds" between the named defendants to violate their constitutional rights. See Twombly, 550 U.S. at 555; Giarratano, 521 F.3d at 304 n.5. Thus, plaintiffs have failed to state a claim on which relief may be granted, and this claim is dismissed.

4

See, e.g., Ruston, 2008 WL 958076, at *4. Plaintiffs' Bivens claim, which is predicated on defendants being "personally involved in decisions to become associates in fact to alleged R.I.C.O. Racketeering Enterprises," likewise fails. See Compl. ¶ 63.

To the extent plaintiffs attempt to assert violations of federal criminal statutes, "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 136–37 (1986); see Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) (per curiam); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Ruston v. World Wrestling Entm't, No. 3:07CV1650(MRK), 2008 WL 824217, at *3 (D. Conn. Mar. 25, 2008) (unpublished). Thus, the court dismisses this claim.

Plaintiffs' FTCA claim is predicated on alleged "fraudulent forensic reports [that] . . . result[ed] in the deprivation of Plaintiff[s'] rights which are secured by both statute and the U.S. Constitution" by "caus[ing] Plaintiff[s] to suffer illegal detention in an unsafe environment, and to be retaliated against due to their status as witnesses to crimes and in civil litigation, 18 U.S.C. § 1513." Compl. ¶ 58. This claim arises "from 'factual contentions [that] are clearly baseless' and that 'describ[e] fantastic or delusional scenarios.'" Ruston v. United States, Civil Action No. 10-0805, 2010 WL 1960848, at *1 (D.D.C. May 17, 2010) (unpublished) (quoting and citing Neitzke, 490 U.S. at 327–28). Thus, the court dismisses the claim.

As for plaintiffs' motion for a preliminary injunction [D.E. 3], the substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

5

balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A temporary restraining order "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22. Plaintiffs have not established that they are likely to succeed on the merits, that they are likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in their favor, or that an injunction is in the public interest. Thus, plaintiffs have not met their burden of proof. Accordingly, the court denies plaintiffs' motion for a preliminary injunction [D.E. 3].

As for the motion by Joshua Conlan to join the action as a plaintiff and add additional FMC-Butner psychiatric staff as defendants [D.E. 16], Federal Rule of Civil Procedure 20(a) governs the motion. Rule 20(a) permits the joinder of plaintiffs or defendants where "any right to relief is asserted . . . jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and the joinder presents "any question of law or fact common to all" parties. Fed. R. Civ. P. 20(a)(1)–(2). District courts enjoy "wide discretion" when deciding whether to permit joinder under Rule 20. Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007).

Plaintiffs' claims do not present common questions of law or fact, and "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder of prisoner plaintiffs otherwise allowed by Rule 20(a)(1)." Boretsky v. Corzine, Civil Action No. 08-2265 (GEB), 2008 WL 2512916, at *5–6 (D.N.J. June 23, 2008) (unpublished) (collecting cases), aff'd sub nom. Boretsky v. Governor of N.J., 433 F. App'x 73 (3d Cir. 2011) (per curiam) (unpublished), cert. denied sub nom. Harvey v. Christie, 132 S. Ct. 1108 (2012). Thus, the court denies the motion.

6

II.

In sum, the court DISMISSES this action for failure to state a claim and DENIES the pending motions [D.E. 3, 16]. The Clerk of Court shall close the case, and to serve a copy of this order on Joshua Conlan at FMC-Butner in addition to all plaintiffs.

SO ORDERED. This 18 day of December 2012.

JAMES C. DEVER III
Chief United States District Judge

7

Case 5:12-ct-03134-D   Document 18   Filed 12/18/12   Page 7 of 7